IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS M. GUERRA,**

        **Plaintiff,**

        v.                      CASE NO. 13-3119-SAC

**WILLIAM R. MOTT, Judge,**

        **Defendant.**

## MEMORANDUM AND ORDER

This pro se action was filed as a civil rights complaint pursuant to 42 U.S.C. § 1983 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Plaintiff sues the district court judge that presided over three of his state criminal trials, claiming that the judge admitted being racist and acted with bias against plaintiff because plaintiff has a "mexican last name." Mr. Guerra is required to satisfy the filing fee prerequisite and to show cause why this action should not be dismissed because his claims of judicial bias are habeas in nature and the only named defendant is immune to suit for money damages.

## FACTUAL BACKGROUND AND CLAIMS

As the factual background for his complaint, Mr. Guerra alleges as follows. On November 18, 2009,[1] in Sumner County District Court

---

1    The records of Kansas Department of Corrections' offenders available on-line (KASPER) indicate that plaintiff was convicted in Sumner County on November 18,

1

he was sentenced to prison by defendant Judge Mott on two charges: attempted solicitation of a minor and rape. The charges were falsified. He "was found not guilty by the grand jury." Judge Mott stated on the record that he was not going to accept the grand jury's verdict and sentenced Guerra to 161 months in prison. On October 20, 2011, plaintiff was sentenced by Judge Mott for battery on law enforcement officers in what "was actually a self defense case" because the five deputies involved were punching, kicking, pistol-whipping and tasing him and he fought back in fear for his life. He was again found not guilty by the grand jury, but Judge Mott refused to accept the verdict and sentenced him to 162 months in prison. At both trials, Judge Mott stated on the record that "(M)exicans (sic) or anyone not (M)exican but has a (M)exican last name is a disgrace to the human race." At the later trial, Judge Mott admitted, upon being questioned by plaintiff, that he had sentenced another man found guilty of raping his two-year old daughter to probation because he was white.

Plaintiff asserts that he has been "unlawfully held in prison" due to a racist judge. He seeks release from prison, to have his record cleared, and reimbursement for the past 3 years of his "SSI which comes to a total of $25,000.00." In an attachment, plaintiff

---

2010, (rather than 2009) of attempted "sexual exploitation child" and rape; and on August 10, 2012, in Leavenworth (not Sumner) County of attempted "battery state corrections officer or employee." The court notes that Judge Mott is currently a judge in Sumner County District Court, Wellington, Kansas.

asks the court to "grant (him) a $500.00 bond amount"[2] and to clear his record as well as grant him release within a few days because his mother is on life support and wishes to see him before she is taken off.

**FILING FEE**

Unfortunately for Mr. Guerra, he is in prison after having been convicted of criminal offenses in two different trials, and those convictions remain valid until proven otherwise. He has not presented facts or authority that would entitle him to preliminary relief. Nor has he satisfied the basic prerequisites for consideration of his claims, such as the filing fee. The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00. Or for one granted leave to proceed in forma pauperis, the fee is $350.00. Plaintiff has neither paid the fee nor submitted a Motion to Proceed without Prepayment of Fees. This action may not proceed until the filing fee is satisfied in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion that contains an affidavit described in subsection (a)(1), together with a "certified copy of the trust fund account statement (or institutional

---

2   Plaintiff presents no authority for this court to set bond for him in a civil rights action and no factual basis for granting him release on bond, if that is what he is seeking. The court denies the request for setting of bond.

3

equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Local court rule requires that this motion be submitted upon court-approved forms. The clerk shall be directed to send plaintiff forms for filing a proper motion under § 1915(a).

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[3] If Mr. Guerra does not satisfy the filing fee within the time prescribed herein, this action may be dismissed without prejudice and without further notice.

**SCREENING**

Because Mr. Guerra is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

---

[3] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

4

1915(e)(2)(B).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

**DISCUSSION**

The court finds that this action is subject to being dismissed under 28 U.S.C. § 1915A(a), (b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and because judges are absolutely immune to suit for money damages.  In essence, plaintiff is requesting that this court overturn his state convictions and sentences and order

5

his immediate release from prison. However, release from custody is not properly sought in a § 1983 civil rights action filed against the state court judge that presided over criminal proceedings. *See Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002). Instead, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is a state prisoner's sole remedy in federal court for a claim of entitlement to release.[4] *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). Furthermore, 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *O'Sullivan*

---

[4] The fee for filing a habeas corpus petition is $5.00 as compared to $350.00 or $400.00 for a civil rights complaint. If plaintiff acknowledges that his claims are habeas in nature and that he has not exhausted, he may ask the court to construe this action as a habeas petition and dismiss it without prejudice so that he may exhaust the remedies available in state court. Then, he will be liable for a $5.00 filing fee only. After he has exhausted, he may then file another § 2254 petition, which must be filed upon court-approved forms available upon request from the clerk. However, in order to be liable for the $5.00 filing fee, plaintiff must voluntarily dismiss his claim for money damages since damages are not an available remedy in habeas corpus.

6

*v. Boerckel*, 526 U.S. 838, 845 (1999). This means plaintiff's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Guerra states only that he has "filed in the Sumner County District Court to have new trials with a different Judge but they keep getting denied" by Judge Mott. These allegations indicate that he has not presented his claims of judicial bias to the Kansas Court of Appeals and to the highest state court, which is the Kansas Supreme Court.

Plaintiff is given time to show cause why his claim of illegal confinement and his requests for immediate release and a clear record should not be construed as habeas corpus claims and dismissed for failure to state a claim under § 1983 and for failure to exhaust state remedies.

If plaintiff persists in pursuing his claim for money damages herein, he must also show cause why his claim in the amount of $25,000 against defendant Judge Mott should not be dismissed based upon judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ."). If

7

plaintiff fails to show good cause within the time allotted and this action continues as a civil rights action, the complaint will be dismissed without further notice and will count as a strike against Mr. Guerra pursuant to 28 U.S.C. § 1915(g).[5]

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the appropriate fee in full or submitting a properly completed and supported motion for leave to proceed without prepayment of fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why his claim of illegal confinement and his requests for immediate release and a clear record should not be construed as habeas corpus claims and dismissed for failure to state a claim under § 1983 and for failure to exhaust state remedies, and unless he voluntarily dismisses his claim for money damages, he must also show cause why this claim should not be dismissed for the reasons stated herein.

The clerk is directed to send ifp and § 2254 forms to Mr. Guerra.

---

[5] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. A lawsuit against a state judge for damages based upon actions taken in the course of presiding over a criminal trial qualifies as a strike.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2013, at Topeka, Kansas.


                                    **s/Sam A. Crow**
                                    **U. S. Senior District Judge**